

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Zachary A. Myers
Assistant United States Attorney
zachary.myers@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4848
MAIN: 410-209-4800
FAX: 410-962-0716

January 9, 2019

Andrew C. White
Silverman, Thompson, Slutkin & White, LLC
201 North Charles Street, 26th Floor
Baltimore, MD 21201

      Re:    United States v. Michael Gene Reed,
              Criminal No. CCB-18-490 and CCB-18-106 (D. Md.)

Dear Counsel:

      This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Michael Gene Reed (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **January 14, 2019**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1.     The Defendant agrees to plead guilty to Count Two of the Indictment in Case No. CCB-18-490, which charges the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

2.     The Defendant further agrees to admit to Violation Number One listed in the petition on supervised release pending in Case No. CCB-18-106, which charges him with violating the statutory condition which states that he shall not commit any federal, state, or local crime.

### Elements of the Offense

3.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

    a.    knowingly possessed one or more matters which contained a visual depiction of a minor engaged in sexually explicit conduct;

    b.    The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct;

Rev. August 2018



c.  The Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct;

d.  The visual depiction was produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; and

e.  The visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

### Penalties

4.  The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty and the violation he is admitting are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 2 | 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | 10 years | 20 years | Life (Mand. Min. 5 years) | $250,000 | $5,100 |
| Viol. 1 | 18 U.S.C. § 3583(k) | 5 years | Life | Life | $0 | $0 |

a.  **Prison:** If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b.  **Supervised Release:** If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c.  **Restitution:** The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259.

d.  **Payment:** If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e.  **Forfeiture:** The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f.  **Collection of Debts:** If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant

exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

   g. **Sex Offender Registration:** The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

   h. **Additional Special Assessment:** The Defendant must also pay an additional special assessment of $5,000, unless the defendant is indigent, pursuant to 18 U.S.C. § 3014.

### Waiver of Rights

5. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

   a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

   d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

   e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By

Rev. August 2018

pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

  f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

  g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

  h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

  a. **Base Offense Level:** This Office and the Defendant stipulate and agree that the applicable base offense level for the offense charged in Count Two of the Indictment and its relevant conduct is a **level 22** pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2G2.2(a)(2).

b.  **Prepubescent Minors:** Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a **2 level increase** because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

c.  **Distribution:** Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a **2 level increase** because the Defendant knowingly engaged in distribution.

d.  **Use of Computer:** Pursuant to U.S.S.G. § 2G2(b)(6), there is a **2 level increase** because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

e.  **Acceptance of Responsibility:** This Office does not oppose a two-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the Defendant's conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

f.  **Final Adjusted Offense Level:** Thus, the parties agree that, should the Defendant receive the anticipated three-level reduction for acceptance of responsibility, the final adjusted offense level will be **level 25.**

8.  There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

9.  Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

<u>Rule 11(c)(1)(C) Plea</u>

10. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that **a sentence of 12 years' imprisonment in the custody of the Bureau of Prisons, followed by lifetime supervised release in Case No. CCB-18-289, concurrent to a sentence of 5 years' imprisonment with no supervised release to follow for the revocation of supervised release in Case No. 24-18-106, for a total sentence of 12 years' imprisonment followed by lifetime**

Rev. August 2018

Page 5 of 10

**supervised release** is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

## Obligations of the Parties

11. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office reserves the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

        (i) The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

        (ii) This Office reserves the right to appeal any sentence below a statutory minimum.

    c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Rev. August 2018

## Forfeiture

13. a. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

b. Specifically, but without limitation on the government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

| DEVICE |
|---|
| ~~Southern Telecom Smarttab tablet~~ [handwritten: AW 2M] |
| Motorola GSM XT1565 Droid Maxx 2 cell phone, IMEI: 990006246895105 |
| ~~HP Prodesk desktop computer, s/n: MXL45135RX~~ [handwritten: MM 2M] |
| Baltimore County Public Library Lexar 16GB thumb drive |
| Samsung SPH-M390 cell phone, FCC ID: A3LSPHM390 |

c. The Defendant agrees to consent to the entry of orders of forfeiture for the property described in the two above subparagraphs and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

e. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Restitution

14. The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses. The defendant agrees that, pursuant to 18 U.S.C. §§ 3663, 3663A, 3563(b)(2), 3583(d), and 2259, the Court may order restitution of the full amount of the actual, total loss caused by the



offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Defendant's Conduct Prior to Sentencing and Breach

15. a. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

b. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

16. The Court is not a party to this Agreement. The Court has the sole discretion to decide whether to accept the parties' agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Should the Court accept the parties' agreement, the sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. Should the Court reject the parties' recommended sentencing range, and the Defendant choose not to withdraw his plea of guilty, the Court has the power to impose a

sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

17. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

By: _____
Zachary A. Myers
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1/16/19
Date

_____
Michael Gene Reed

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_1.16.19_  
Date

_/s/ Andrew C. White_  
Andrew C. White, Esq



## ATTACHMENT A
## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Defendant, Michael Gene Reed, was born September 1978. On February 24, 2009, REED was convicted of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5), in the United States District Court for the District of Columbia, Case No. 1:08-cr-0287-ABJ. Reed was sentenced to 90 months' imprisonment followed by 15 years of supervised release. As a result of this conviction, at all times relevant to the pending charges Reed was required to register as a Sex Offender and was on federal supervised release.

Reed was released from prison and began supervised release on December 24, 2014. Beginning June 26, 2017, and again on December 27, 2017, Reed reported to Maryland's Sex Offender Registry that he resided in an apartment in Dundalk, Maryland. However, as of approximately November 2017, Reed resided at a Dundalk rowhome 3 miles away from his reported residence, with his girlfriend and her minor daughter. Reed did not report to his probation officer that he had moved or that he was living with a minor, as required by the terms of his supervised release.

"Website A" is a free anonymous chatroom service that does not require user registration. A user can create a chatroom by choosing a name for the room. The room can be made private and protected by a password. The chatroom can be shared, by a link, with up to 50 friends, via social media. Users can also access public chatrooms by typing in a room name and a creating a nickname for themselves. When a user clicks "Enter," they will join the room they specified under the nickname that they chose. Users can chat and share images with one another in the chatrooms.

On February 14, 2017, Reed joined a chatroom named "Paanites" on Website A. Reed chose to use the nickname "kinkfan." While in the chatroom, Reed shared an image with the other participants of two minor girls engaged in sexually suggestive behavior. On November 17, 2017, Reed joined a chatroom named "LowLeetaz" on Website A. Reed chose to use the nickname "pedoperv." While in the chatroom, Reed shared an image with the other participants depicting a naked prepubescent girl lying on her back. An adult man's penis is penetrating the prepubescent girl's anus as the man holds the prepubescent girl's legs apart.

On January 11, 2018, law enforcement officers executed a search warrant at Reed's girlfriend's rowhome. Reed, his girlfriend, and his girlfriend's minor daughter were present. During a voluntary interview, Reed told investigators that he used his work cell phone to chat on Website A once or twice a week, including on the day before the warrant was executed. He admitted having viewed child pornography, and that he recognized one of the images that was uploaded to Website A. He also admitted to using the screen names "kinkfan" and "pedoperv." He stated that he used the name "pedoperv" because he was a pedophile. Reed stated that he did not report his new residence to the Sex Offender Registry out of fear that his girlfriend's daughter and her father would learn about his prior conviction.

Reed possessed images of prepubescent minors engaged in sexually explicit conduct on his work cell phone, including:

- **File5.jpeg** – this image depicts a prepubescent girl naked from the waist down sitting on the lap of an adult woman. The prepubescent girl is leaning back against the woman and the woman is holding the prepubescent girl's legs up and apart exposing her genitalia to the camera.

- **File7.jpeg** – this image depicts a naked prepubescent girl standing with her legs slightly apart. The prepubescent girl is wearing a Santa hat.

- **File11.jpeg** – this image depicts a minor girl, naked from the waist down. Each of the minor girl's legs is being held up and apart by two other females (one on each side of the minor girl). The minor girl's legs are spread and her genitalia is exposed to the camera.

Reed's work cell phone was manufactured outside of Maryland, and it and the child pornography he knowingly distributed and possessed traveled in interstate and foreign commerce.

SO STIPULATED:

_____
Zachary A. Myers
Assistant United States Attorney

_____ 1/16/19
Michael Gene Reed
Defendant

_____ 1-16-19
Andrew C. White, Esq.
Counsel for Defendant